UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMMETT L. FAUGHT, | ) | 1:07-cv-00023-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| | ) | FOR FAILURE TO EXHAUST CLAIMS IN THE |
| v. | ) | STATE COURT; ORDER REQUIRING |
| | ) | PETITIONER TO RESPOND WITHIN |
| | ) | THIRTY (30) DAYS |
| KATHY MENDOZA-POWERS, | ) | |
| | ) | ORDER DENYING REQUEST FOR ACTION |
| Respondent. | ) | ON PETITION AS MOOT (Doc. 4) |
| | ) | |

Petitioner is a state prisoner proceeding pro se pursuant to a Petition for Writ of Habeas Corpus filed on January 5, 2007. (Doc. 1). On August 23, 2007, Petitioner filed a document entitled "Request for Action on Petition for Writ of Habeas Corpus." (Doc. 4).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. A preliminary review of the Petition reveals that Petitioner may not have exhausted his state court remedies.

1

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

2

   In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

  The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. <u>Rose</u>, 455 U.S. at 521-22, 102 S.Ct. at 1205; <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).

  In the instant federal Petition, Petitioner raises three claims, all of which contend that the decision of the Board of Prison Terms denying him parole on November 1, 2005 violated his constitutional rights. Petitioner alleges that he has sought review of this decision in a habeas petition in the Superior Court for the County of Sacramento, which was denied on March 15, 2006. (Doc. 1, p. 3; 126). Nowhere does Petitioner allege that he has exhausted these claims by raising them in the California Supreme Court.

  Petitioner will be ordered to show cause why the Petition should not be dismissed for failure to exhaust state court remedies. Should it be the case that the claims were in fact exhausted, but that Petitioner has simply neglected to inform the Court of that fact, Petitioner should make clear when and in what court the claims were raised.[1]

  If the Petition indeed contains unexhausted claims, Petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. <u>Anthony v. Cambra</u>, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

  Petitioner may also move to withdraw the entire Petition and return to federal court only when he has finally exhausted his state court remedies. Petitioner should bear in mind, however, that there exists a one year statute of limitations applicable to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1); <u>Ford</u>, 305 F.3d at 885-885. In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. <u>See id.</u> Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time

---

[1] A copy of the California Supreme Court's denial <u>alone</u> is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

3

an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court determine that the Petition contains unexhausted claims.

On August 23, 2007, Petitioner filed a document entitled "Request for Action on Petition for Writ of Habeas Corpus." (Doc. 4). In his Request, Petitioner seeks a Court order requiring Respondent to answer the Petition. In light of the Court's above screening of the Petition and its related order to show cause as set forth below, Petitioner's Request is moot, and will be denied as moot.

**ORDERS**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner is granted thirty (30) days from the date of service of this Order to Show Cause to show cause in writing why the Petition should not be dismissed for failure to exhaust remedies in state court. In his written response to this Order to Show Cause, Petitioner must inform the Court what claims have been presented to the California Supreme Court as well as the dates when the California Supreme Court ruled on those claims. Petitioner is forewarned that failure to follow this Order will result in dismissal of the Petition pursuant to Local Rule 11-110.

2) Petitioner's Request for Action on Petition for Writ of Habeas Corpus (Doc. 4) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **September 7, 2007**                         /s/ Theresa A. Goldner
                                                      UNITED STATES MAGISTRATE JUDGE